## D. LYONS, Under-Tutor, &c., &c. *v.* L. ANDREWS, Tutor.

On the death of his wife, defendant qualified as natural tutor to his children. Having married a
second time, he left his two daughters with their uncle and under tutor, and moved with the rest
of his family out of the State. Plaintiff, the under-tutor, brought suit to deprive the father of
his tutorship. The District Court dismissed the suit for want of jurisdiction. But *Held :* The
act of defendant in changing his domicil has not deprived his daughters, who have never left the
territorial limits of the jurisdiction, which originally conferred their guardianship upon defend-
ant, of the protection of the court which conferred such guardianship.
Sequestration of the slaves maintained, and the appointment of the father as tutor annulled.

APPEAL from the District Court of St. Landry, *Dupré*, J.
    *T. H. Lewis & Porter*, for plaintiff and appellant.    *Moore*, curator *ad
hoc*, for defendant.

BUCHANAN, J.    The defendant's first wife died, leaving four children, two
sons and two daughters, issue of her marriage with defendant.    He qualified
as natural tutor of his children; and plaintiff, their maternal uncle, was ap-
pointed their under-tutor.    In 1853, about a year before the institution of this
suit, defendant (having married a second time) moved with his wife to Texas,
taking with him his two sons, but leaving his daughters with their uncle and
under-tutor, the plaintiff, who appears to have supported and educated them.

This suit is brought for the purpose of depriving the defendant of the tutor-
ship of his children, on the grounds that he has left the State without causing
another to be appointed in his stead; that previous to his departure, he failed
to render an account of his administration; that defendant has been unfaith-
ful in his administration; and that he is a man of notoriously bad conduct.

Three slaves of defendant were sequestered at the inception of the suit, and
a curator *ad hoc* was appointed to represent him in the suit.

In an answer and amended answer, the curator *ad hoc* pleads the general
issue, that the defendant had the right to remove from the State with his chil-
dren and their property—that before removing from the State, he appointed an

agent and attorney in fact, and that the matters and things set up in plaintiff's petition have been decided in a judgment which is pleaded in bar of the present action.

This suit was dismissed by the District Court, for want of jurisdiction. This judgment seems to have been based upon the provision of the Code, (Art. 48,) which declares the domicil of the tutor to be the domicil of the minor; and the decisions of the Supreme Court (4 M. R. 715; 5 N. S. 384; 10 Ann. 790,) which recognizes the right of the natural tutor to take minors and their property out of the State. But this case presents peculiar features which take it out of the scope of the cases cited. The under-tutor claims that the father of the minors who are in his (plaintiff's) charge, be deprived of his tutorship for notoriously bad conduct. This is one of the grounds for removal applicable to tutors by nature. C. C. 326. Two of defendant's children and wards have not been removed by the defendant from the State, although he himself has removed from the State. We think that the act of defendant in changing his domicil has not deprived his daughters, who have never left the territorial limits of the jurisdiction which originally conferred their guardianship upon defendant, of the protection of the court which conferred such guardianship. And we conclude, that the District Court should have maintained jurisdiction of the suit, so far as the daughters of the defendant are concerned.

Upon the merits, the witnesses all concur in representing defendant as a confirmed and habitual drunkard. Not to mention the details of the evidence of plaintiff's witnesses on this head, a witness introduced by defendant states, on his cross-examination, that defendant was not *always drunk*, but would drink whenever he could get where there was any liquor. In addition, several witnesses declare that defendant is a gambler; and not only keeps bad company himself, but takes his children to grogshops and gives them liquor. It is proved that his two daughters, who are with plaintiff, and who are young women, refused to go with their father to Texas, and claimed the protection of their uncle.

The evidence in the cause, of which the above is a very meagre synopsis, and which is entirely uncontradicted, shows conclusively that the defendant is not a proper person to have the guardianship of young females.

The sequestration appears, also, to have been a proper conservatory measure.

The three slaves sequestered are but a small portion of the separate property of defendant's deceased wife; the remainder having been taken by him to Texas·

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that the defendant be removed from the tutorship of his daughters, *Amelia Ann Andrews* and *Jane Andrews*; that the sequestration herein issued be maintained, and that the cause be remanded to the District Court, in order that a dative tutor to said minors may be appointed, and all other necessary and legal proceedings be had in the premises.

It is further decreed, that there be judgment of non-suit, as to so much of the demand of plaintiff as relates to the removal of defendant from the tutorship of his two sons, *Albert* and *John*, and that defendant pay costs of this suit in both courts.